IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**MARK W. MCCOY**                                                                                                    **PLAINTIFF**

v.                              **CASE NO. 3:20-CV-00345-BSM**

**MIRANDA BLEVINS, individually and
in her official capacity and JAMES MOODY,
individually and in his official capacity**                                               **DEFENDANTS**

## ORDER

The motion for summary judgment filed by defendants Miranda Blevins and James Moody [Doc. No. 16] is granted because Blevins and Moody had probable cause to arrest Mark McCoy and are therefore immune from suit.

## I. BACKGROUND

Van Hutchinson called 911 to report that a man had assaulted him with a weapon. Defs.' SUMF ¶ 1, Doc. No. 18. The Jackson County Sheriff's Office responded by sending deputy James Moody and others to Hutchinson's home. *Id.* Hutchinson told the deputies that plaintiff Mark McCoy had struck him on the head with a pistol. *Id.* ¶ 2. Hutchinson showed them a recent injury behind his left ear. *Id.* The deputies called Miranda Blevins, a sheriff's office investigator, and relayed what they had learned. *Id.* Blevins asked the deputies to go to McCoy's home to get his side of the story. *Id.* ¶ 3. When the deputies spoke with McCoy, he denied striking Hutchinson, so Blevins asked the deputies to bring both men to the sheriff's office for questioning. *Id.*

Blevins interviewed Hutchinson and McCoy at the sheriff's office. *Id.* ¶ 4.

Hutchinson repeated that McCoy had struck him with a pistol. *Id*. McCoy admitted to having the gun, but again denied striking Hutchinson. *Id*. Blevins contacted the prosecutor's office to share what she had learned from the interviews. *Id*. ¶ 5. The deputy prosecutor told Blevins to let Hutchinson go and to complete an affidavit of probable cause for McCoy. *Id*. The deputy prosecutor also told Blevins to charge McCoy with battery in the second degree and aggravated assault. *Id*. Later that evening, Hutchinson went to the emergency room and was diagnosed with a concussion. *Id*. ¶ 5, Ex. 3. Blevins sent her completed affidavit to the prosecutor who then obtained a warrant for McCoy's arrest. *Id*. ¶ 7.

McCoy sued Hutchinson for malicious prosecution, abuse of process, and for harassment and threats. *See* Notice of Removal, Doc. No. 1. The state court granted McCoy's motion for summary judgment against Hutchinson because Hutchinson failed to appear at his deposition and the hearing. Pl.'s Resp. Mot. Summ. J. at Ex. B, Doc. No. 23. McCoy then amended his complaint to add claims against Blevins and Moody for arresting him without probable cause. *See* Doc. Nos. 1, 2, 6. Blevins and Moody removed the case to federal court, but the claims against Hutchinson were remanded to state court for the determination of damages. Doc. Nos. 1, 7. Defendants now move for summary judgment on the basis that they are entitled to qualified immunity. Doc. No. 16. McCoy contends that there are genuine disputes of material fact because Hutchinson's unanswered requests for admissions were deemed admitted by the state court's order granting summary judgment. *See* Pl.'s Br. Supp. Resp. Mot. Summ. J., Doc. No. 25.

## II. LEGAL STANDARD

Summary judgment is appropriate when there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986). Once the moving party demonstrates that there is no genuine dispute of material fact, the non-moving party may not rest upon the mere allegations or denials in his pleadings. *Holden v. Hirner*, 663 F.3d 336, 340 (8th Cir. 2011). Instead, the non-moving party must produce admissible evidence demonstrating a genuine factual dispute requiring a trial. *Id.* All reasonable inferences must be drawn in a light most favorable to the nonmoving party. *Holland v. Sam's Club*, 487 F.3d 641, 643 (8th Cir. 2007). The evidence is not weighed, and no credibility determinations are made. *Jenkins v. Winter*, 540 F.3d 742, 750 (8th Cir. 2008).

## III. DISCUSSION

Summary judgment is granted because Blevins and Moody had probable cause to arrest McCoy, which entitles them to qualified immunity.

A. <u>Qualified Immunity</u>

Qualified immunity protects government officials from liability for damages "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person [in their positions] would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Qualified immunity is a question of law. *McClendon v. Story Cty. Sheriff's Office*, 403 F.3d 510, 515 (8th Cir. 2005); *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). To

determine whether a defendant is entitled to qualified immunity, courts must consider whether: (1) the facts alleged by plaintiff establish a violation of a constitutional or statutory right; and (2) if so, was that right clearly established at the time of the defendant's alleged misconduct. *Wright v. United States*, 813 F.3d 689, 695 (8th Cir. 2015).

A warrantless arrest without probable cause violates an individual's constitutional rights under the Fourth and Fourteenth Amendments. *Hannah v. City of Overland, Mo.*, 795 F.2d 1385, 1389 (8th Cir. 1986). An officer who arrests someone with probable cause, however, is not liable for false arrest simply because the innocence of the suspect is later proved. *Id*. (quoting *Pierson v. Ray*, 386 U.S. 547, 555 (1967)). The probable cause inquiry is based on the facts known at the time of the arrest. *Davenpeck v. Alford*, 543 U.S. 146, 152 (2004) (internal citation omitted); *see also Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001) ("If an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender").

Summary judgment is appropriate because Blevins and Moody had probable cause to arrest McCoy. Hutchinson told defendants that McCoy struck him on the side of the head with a pistol, and his account was corroborated by a visible injury that required medical treatment. While McCoy denied assaulting Hutchinson, he admitted to having a gun during a physical altercation between them. Further, the prosecutor's office made the decision to charge McCoy and to obtain a warrant for his arrest, not the defendants. These facts clearly

show that Blevins and Moody had probable cause to arrest McCoy.

McCoy contends that summary judgment is not appropriate because certain facts favorable to him were deemed admitted when Hutchinson failed to answer McCoy's requests for admission and summary judgment was granted in state court. *See* Doc. Nos. 23, 24, 25. For example, McCoy asserts it has already been judicially established that he acted lawfully at all times and that Hutchinson caused him to be arrested without probable cause. Pl.'s Br. Supp. Resp. Mot. Summ. J. at 1–2. He argues that these facts were deemed admitted in the state court's summary judgment order, and that this order remains in force following removal pursuant to 28 U.S.C. section 1450. *Id*. at 1–3. McCoy's argument fails for a number of reasons.

To begin with, the order McCoy cites does not deem any facts admitted. *See* Pl.'s Resp. Mot. Summ. J. at Ex. B. The order grants McCoy's motion for summary judgment and sanctions, and notes that "even if there were genuine issues of material fact, the Court would strike Defendant's Answer for failure to appear at his deposition hearing and this hearing." *Id*. The order does not mention McCoy's requests for admissions, much less deem them admitted. *Id*. For that reason alone, McCoy's argument fails and summary judgment is granted because there is no genuine dispute that defendants are entitled to qualified immunity.

Even if McCoy could show that his requests to Hutchinson were deemed admitted, his ability to use those admissions against Blevins and Moody is doubtful. McCoy states his

requests were deemed admitted pursuant to Arkansas Rule of Civil Procedure 36, which states that "[a]ny admission made by a party under this rule is for the purpose of the pending action only and is not an admission by him for any other purpose, nor may it be used against him in any other proceeding." It is not clear that this case is the same pending action under Rule 36 when Blevins and Moody were not parties at the time the summary judgment order was issued, and when there has subsequently been removal and a partial remand resulting in two simultaneous cases. Further, facts deemed admitted as to one defendant for failure to respond to plaintiff's request for admissions are not necessarily binding on innocent co-defendants. *See Jordan v. Cent. Transp., LLC*, No. 4:17-cv-4011, 2019 WL 885916, at *2 (W.D. Ark. Feb. 22, 2019) (internal citations omitted); *see also Riberglass, Inc. V. Techni-Glass Indus., Inc.*, 811 F.2d 565 (11th Cir. 1987).

Finally, even if McCoy could establish that his requests to Hutchinson were deemed admitted and binding on Blevins and Moody, those admissions would not create a genuine dispute of material fact. *See* Defs.' Reply Resp. Mot. Summ. J. at 5–6, Doc. No. 26. This is because even if Hutchinson lied to defendants about his altercation with McCoy, there is nothing in the record to suggest defendants should have known Hutchinson's story was false. On the contrary, Hutchinson's account was corroborated by his physical injury, and defendants had probable cause to arrest McCoy based on the facts known at the time. *See Davenpeck,* 543 U.S. at 152. This is true even it were judicially established that McCoy was innocent of any wrongdoing. *See Hannah*, 795 F.2d at 1389.

6

B.     Official Capacity Claims

McCoy also sues Blevins and Moody in their official capacities. *See* Am. Compl., Doc. No. 2. Official capacity suits are treated as a suit against the entity of which an officer is an agent. *Monell v. Dep't Soc. Servs.*, 436 U.S. 658, 690, n.55 (1978). Municipalities can be held liable for constitutional rights violations committed by their agents. *Monell*, 436 U.S. at 690. Summary judgment is also granted on McCoy's official capacity claims because he has failed to show that defendants violated his constitutional rights. *See Sanders v. City of Minneapolis*, 474 F.3d 523, 527 (8th Cir. 2007).

## IV. CONCLUSION

For the foregoing reasons, defendants' motion for summary judgment [Doc. No. 16] is granted, and McCoy's claims are dismissed with prejudice.

IT IS SO ORDERED this 10th day of February, 2022.

_____
UNITED STATES DISTRICT JUDGE